UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

LARRY COLLINS,
    Plaintiff,

v.                  13- 2073

TIMOTHY BUKOWSKI, et. al.,
    Defendants.

## OPINION

Plaintiff' has filed motions for the appointment of *pro bono* counsel and has demonstrated reasonable attempts to find counsel on his own. [4, 13]  The Court may therefore proceed to the next step in the inquiry: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993).  As the Seventh Circuit stated in *Pruitt:*

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 *(quoted and other cites omitted)*

A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." *Id.* at 655.  "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls,* 599 F.3d 749, 762 (7th Cir. 2010), *quoting Pruitt*, 503 F.3d at 656.   The Court cannot require an attorney to accept *pro bono* appointment on a civil case such as this. *Pruitt,* 503 F.3d at 653 (*in forma pauperis statute* "'does not authorize the federal courts to make coercive appointments of counsel.'")(*quoted cite omitted*).

The Plaintiff says he has limited education and legal training.  However, the court notes the Plaintiff was able to follow the court's direction and his amended complaint sets forth a colorable claim.   In addition, the Plaintiff admits he has seen two specialists who verified the Plaintiff has rheumatoid arthritis and prescribed specific medications and treatment which the Plaintiff says he was denied.  Through simple discovery, the Plaintiff should be able to obtain copies of his medical records and any requests for medical care.  The Plaintiff is capable of describing the pain he suffered while he was denied treatment and his requests for care.  Furthermore, the Plaintiff states he already has copies of many "medical request forms and

grievances." (Amd. Comp, p. 13)  It should also be noted the court grants *pro se* litigants a wide latitude in handling their lawsuits.  Once the Defendants have entered the case, the court will enter a scheduling order outlining the discovery process and requiring the Defendants to produce many relevant documents.

Accordingly, based on the information available in the record, the Court concludes that Plaintiff appears competent to proceed *pro se*.  Should the case proceed to the point that assistance of counsel is appropriate, the court may revisit the issue.

IT IS THEREFORE ORDERED that Plaintiff's motions for the appointment of counsel are denied.[4, 13]

Entered this 8th day of August, 2013.

s/Joe Billy McDade

JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE